———o———

No. 3988.

(Court of Appeal, Parish of Orleans.)

## DR. JAMES T. RICHARDS vs. ABBOTT CYCLE COMPANY.

1. In a redhibitory suit, the Judge may decree merely a reduction of the price.
2. The other issues are of fact only.

Appeal from Civil District Court, Division "B."

W. Alexander Bahns, for Plaintiff and Appellee.

P. M. Milner, for Defendant and Appellant.

DUFOUR, J. On August 31st, 1905, the plaintiff bought of defendants a second hand automoble for the sum of $250, $150 of which was paid cash, and the balance represented four notes of $25.00 each, two or which remain unpaid.

He now sues to rescind the sale on the ground that the machine was fraudulently misrepresented to be in good condition and was guaranteed as such, whereas it proved to be worthless.

The charges of fraud and misrepresentation are not substantiated by the record and it is quite clear that the defects were not apparent either to buyer or seller at the time of the purchase.

So far as the guarantee is concerned, we do not think, from all

of the evidence, that it went beyond saying that the machine was in good running order; in fact, it does not seem credible as claimed, that defendants would have guaranteed a second hand machine for two years in all respects, when it is shown that a new machine, according to the custom of the trade, is guaranteed only for sixty days.

The machine was used for about sixty days by plaintiff and was during that time sent several times for repairs to defendant's shop.

It is apparent that plaintiff was under the impression that defendants were endeavoring to take advantage of him, and that defendants believed that plaintiff's bad handling and misuse of the machine had either caused or aggravated the defects complained of.

On one occasion, defendant proposed to put in another radiator, a second-hand one, and a new tank at cost if plaintiff paid for them. He refused, and a heated controversy took place which antagonized the parties and led to the suit.

The only trouble with the machine is thus stated by the plaintiff: "I never had any trouble with my automobile with the exception of this water. If the water was all right the automobile would be all right," i. e., would not leak.

It is shown that the defect could be remedied by putting in a new radiator and a new tank; the defendants, under their guarantee of good running condition should have made those repairs without expense to plaintiff. Where, however, it is shown that the cost of putting in order a $250 machine is $35, the Court may equitably, under Art. 2544 R. C. C., refuse the rescission and decree merely a diminution of the price, and the circumstances of this case suggest such a course.

The defendants claim in reconvention $31,45 for machine and supplies, etc., which do not appear to be successfully disputed and for the $50, amount of unpaid notes.

The judgment appealed from is reversed, and proceeding to render such judgment as should originally have been rendered, it is ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendants in the sum of $35, with legal

438

interest from juicial demand until paid and in all other respects rejecting plaintiff's demand. It is further ordered, adjudged and decreed that there be judgment in favor of defendant and plaintiff in reconvention against plaintiff in suit in the sum of $81.40 with legal interest from judicial demand until paid, the defendant to pay costs of the main demand and plaintiff those of the reconventional demand in the lower Court, costs of appeal to be paid by appellee.

June 8, 1906.

Rehearing refused June 28, 1906.

Writ refused by Supreme Court August 17, 1906.